IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA D. PEREZ and CONSTANTINO R. PEREZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>JPMORGAN CHASE BANK, a National Association F/K/A WASHINGTON MUTUAL BANK; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; and LASALLE BANK, NA,<br><br>    Defendants.<br>_____/ | No. C 11-03602 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants JPMorgan Chase Bank (JPMorgan), California Reconveyance Company (CRC) and Bank of America[1] move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint against them.  Pro se Plaintiffs Amelia D. Perez and Constantino R. Perez oppose the motion.[2]  Having considered the papers filed

---

[1] Bank of America acquired LaSalle Bank in 2007.  Plaintiffs erroneously named "LaSalle Bank."

[2] On February 13, 2012, Defendants filed a "Notice of Non-Receipt of Opposition to Motion to Dismiss Complaint" in which they requested that the Court grant the motion to dismiss in its entirety, without leave to amend, as unopposed.  The Court denies this request.  The Court will consider the opposition Plaintiffs filed on November 3, 2011, in response to Defendants' first motion to dismiss.

by the parties,[3] the Court GRANTS the motion to dismiss, and GRANTS Plaintiffs leave to amend one of their claims.

BACKGROUND

On December 8, 2006, the Perezes obtained a $1,000,000.00 loan to "own the Property" located at 1116 Ridgewood Drive, Millbrae, California, in the County of San Mateo. Comp. ¶ 19. The loan was secured by a deed of trust (DOT) which identified the Perezes as the borrowers, Washington Mutual Bank (WaMu) as the lender and beneficiary, and CRC as the trustee. Request for Judicial Notice (RJN), Ex. 2.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for WaMu's assets. On the same date, JPMorgan acquired certain assets of WaMu, including WaMu's interest in the Perezes' loan, pursuant to a Purchase and Assumption Agreement (P&A Agreement) between the FDIC and JPMorgan. Section 2.5 of the P&A Agreement provides that JPMorgan would not assume WaMu's liabilities relating to borrower claims. RJN, Ex. 6. Borrowers must direct such claims to the FDIC.

On February 2, 2009, JPMorgan transferred all beneficial interest under the DOT on the Perezes' loan to Bank of America.

---

[3] The Perezes also oppose JPMorgan, CRC and Bank of America's request for judicial notice. The Court grants the request for judicial notice. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record without converting motion to dismiss into motion for summary judgment).

RJN, Ex. 3.  On that same date, a Notice of Default was recorded with the San Mateo County Recorder's Office.  It indicated that as of January 30, 2009, the amount in arrears on the Perezes' loan was $13,298.14.  RJN, Ex. 4.  On May 6, 2009, a Notice of Trustee's Sale of the Perezes' property was recorded with the San Mateo County Recorder's Office.  RJN, Ex. 5.

On May 26, 2011, the Perezes filed a complaint in the Superior Court of the State of California for the County of San Mateo.  The Perezes allege twenty-four causes of action against JPMorgan, CRC and Bank of America.  Three causes of action implicate federal law.  In their fifth and sixth claim, respectively, the Perezes allege that JPMorgan, CRC and Bank of America violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq.  In their fourteenth claim, the Perezes allege that they are entitled to rescind their loan under TILA.

On July 21, 2011, JPMorgan, CRC and Bank of America removed this action to federal district court pursuant to 28 U.S.C. §§ 1441 et seq.  On January 23, 2012, they filed this motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

DISCUSSION

I. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555). Moreover, the court holds pro se pleadings to "less stringent standards" than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether

4

amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

II. TILA

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1169 (9th Cir. 2003) (citing 15 U.S.C. § 1601(a)). If required disclosures are not made, the consumer has two remedies: 1) recover damages, 15 U.S.C. § 1640; or 2) seek to rescind the loan, 15 U.S.C. § 1635(a). TILA damages claims are cognizable against creditors, 15 U.S.C. § 1640(a), and assignees of creditors, 15 U.S.C. § 1641(a).

A. Damages

JPMorgan, CRC and Bank of America argue that the Perezes' claim for damages is barred by the one-year statute of limitation. Claims for damages for TILA violations must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statutory period generally runs from the date the loan transaction was consummated. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). The Perezes entered into the

5

loan agreement on December 8, 2006, so any claim for damages for TILA violations expired on December 8, 2007.

The Perezes filed this action on May 26, 2011, approximately three and a half years after their TILA damages claim expired. They argued that "any and all statute[s] of limitations" should be equitably tolled. Comp. ¶ 72. Equitable tolling may be appropriate when the borrower, using reasonable diligence, might not have had an opportunity to discover the fraud or nondisclosures on the part of the originator at the time that the loan was consummated. Meyer, 342 F.3d at 902. Here, the Perezes allege that they were never given a complete loan document package needed to conduct their own due diligence. They state that some of the pertinent disclosures they did not receive were the Truth-in-Lending statement, Adjustable Rate Booklet and Right to Copy of Appraisal. Comp. ¶ 72. Moreover, the Perezes allege that when they called JPMorgan to learn "exactly how their loan functions and adjusts," the representative at JPMorgan "painted a very rosy picture." Id. The representative "convinced [the Perezes] that they were more than able to afford the home they were applying for" and failed to explain that the initial payment structure was only temporary and that payments would soon go up dramatically. Id. The Perezes claim that "it wasn't till only recently when [their] payments changed dramatically that they realized what they had gotten themselves into." Id.

The Perezes' allegations support their argument for equitable tolling, but they are not sufficient to support tolling from December 8, 2007 to their filing date of May 26, 2011.  The Perezes claim that they did not know the actual terms of their loan until "only recently" when their payments "changed dramatically," but they fail to specify when that occurred.  See Comp. ¶ 72.  Because the Perezes defaulted on their loan as of February 2, 2009, it is sensible to infer that they must have become aware of the actual terms of their loan by that point.  See RJN, Ex. 4.  In that case, the TILA damages claim would still be barred by the one-year statute of limitation.

Because the Perezes do not allege adequate facts to establish that their TILA damages claim should be equitably tolled to their filing date of May 26, 2011, the Court DISMISSES this claim, with leave to amend to establish a sufficient basis for equitable tolling.

B. Rescission

The Perezes allege that they are entitled to rescind their loan under TILA.  Comp. ¶ 125.  JPMorgan, CRC and Bank of America argue that the Perezes' loan was a purchase money loan in a residential mortgage transaction and is thereby exempted from the right to rescission under TILA.  Defendants are correct.

Rescission of a residential purchase money mortgage transaction is not an available remedy under TILA.  Section 1635(e) states that "a residential mortgage transaction," as

7

defined in 15 U.S.C. § 1602(w), is not subject to rescission. Section 1602(w) defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Here, the Perezes entered into a residential purchase money mortgage transaction, secured by a deed of trust, for the express purpose to "own the Property." See Comp. ¶ 19; RJN, Exs. 1-2. The Perezes do not have a statutory right under TILA to rescind their residential purchase money mortgage transaction. See Washington v. Nat'l City Mortg. Co., 2011 WL 1842836, at *6 (N.D. Cal.); Lee v. BAC Home Loans Servicing, LP, 2011 WL 794942, at *3 (E.D. Cal.); Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 96 (E.D. Cal. 2010).

Because any amendment would be futile, the Perezes' claim for rescission under TILA is DISMISSED without leave to amend.

III. RESPA

The purpose of RESPA is to ensure that home buyers "are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). The Perezes allege that JPMorgan, CRC and Bank of America violated RESPA by paying illegal kickbacks related to their loan from Wamu on September 8, 2006.

8

Comp. ¶¶ 83-84. This claim cannot be maintained against JPMorgan, CRC or Bank of America.

Federal district courts in the Ninth Circuit have held that JPMorgan is shielded from liability for borrower claims against WaMu that predate the September 25, 2008 P&A Agreement between JPMorgan and the FDIC, as receiver of WaMu assets. See RJN, Ex. 6; see also Javaheri v. JPMorgan Chase Bank, N.A., 2011 WL 97684, at *3 (C.D. Cal.); St. James v. JP Morgan Chase Bank Corp., 2010 WL 5349855, at *2-3 (S.D. Cal.); Rundgren v. Washington Mut. Bank, F.A., 2010 WL 4960513, at *7 (D. Haw.). Here, the Perezes allege that JPMorgan committed a RESPA violation with respect to their loan from Wamu on September 8, 2006. The Perezes cannot maintain their RESPA cause of action against JPMorgan because, pursuant to the September 25, 2008 P&A Agreement, WaMu's alleged lending improprieties cannot be imputed to JPMorgan. The Perezes must address their RESPA violation claim to the FDIC.

As noted above, CRC is a trustee of the Perezes' loan and Bank of America received the beneficial interest under the DOT from JPMorgan on February 2, 2009. Because the Perezes' RESPA claim derives from the origination of the loan transaction with WaMu on September 8, 2006, it cannot be maintained against CRC or Bank of America because these parties were not involved with the improprieties WaMu allegedly committed during the course of the loan negotiations.

9

Thus, the Court DISMISSES the Perezes' RESPA violation claim. Leave to amend is denied because any amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss. The Perezes' sixth claim for violation of RESPA and fourteenth claim for rescission under TILA are DISMISSED without leave to amend. The Perezes' fifth claim for damages under TILA is DISMISSED with leave to amend to establish a sufficient basis for equitable tolling. If the Perezes choose to file an amended complaint, they must do so within two weeks from the date of this order. If the Perezes do not file an amended complaint within this time, their TILA damages claim will be dismissed for failure to prosecute and the remaining state claims will be remanded to state court. Meanwhile, the parties shall participate in the further Alternative Dispute Resolution phone conference set for May 2, 2012 at 3:00 p.m.

IT IS SO ORDERED.

Dated: 3/15/2012

CLAUDIA WILKEN
United States District Judge

cc: ADR